# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROCIO GUTIERREZ, *as* | § | |
| *Representative of the Estate of Axel* | § | |
| *Hiram Gutierrez, Deceased, et al.,* | § | |
| "Plaintiffs," | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-00135 |
| | § | |
| THE CITY OF PORT ISABEL, *et al.,* | § | |
| "Defendants." | § | |

## FINAL JURY INSTRUCTIONS

Signed on this ___2___ day of ___June___, 2025.

_____
Rolando Olvera
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

JUN 0 4 2025

NATHAN OCHSNER
CLERK OF COURT

# FINAL JURY INSTRUCTIONS

*Rocio Gutierrez, et al. v. The City of Port Isabel, et al.*

Case No. 1:21-cv-00135

## GENERAL INSTRUCTIONS

Members of the jury: I will first give you some general instructions. I will then give you some specific rules of law on this case. Finally, I will explain the procedures you should follow in your deliberation.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of the case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial when arriving at your verdict.

### Duty to Follow Instructions

As jurors, you must only judge the facts. It is your sworn duty to follow all the Court's instructions and the rules of law explained in these instructions.

You must not disregard or give special attention to any one

instruction or question the wisdom of any rule the court may direct you to follow. You must not substitute or follow your own notion or opinion about what the law is or ought to be. You must also base your verdict solely upon the evidence, without prejudice or sympathy.

## Burden of Proof

Plaintiffs Rocio Gutierrez and Maria Carrillo have the burden of proving their case by a preponderance of the evidence. This means proving that something is more likely true than not true. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

## Evidence—What is Proper Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances proven.

The parties may stipulate to certain facts. A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

There are two general types of evidence. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or

3

circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. Generally, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### Evidence— Excluding What is Not Evidence

It is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.

Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out what is significant or helpful to their side of the case, and in doing so, to call your attention to certain facts or inferences that might otherwise escape your notice. That said, what the lawyers say is not binding upon you.

During the trial, the Court may have sustained objections to certain questions. You must disregard those questions. Your verdict must be based solely on the legally admissible evidence and testimony.

### Evidence—Inferences, Direct and Circumstantial

You may draw such reasonable inferences from the testimony and exhibits as you feel are justified. In other words, you may make reasonable

deductions and reach conclusions that common sense dictates from the facts established by the evidence. Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all the evidence presented to you. The law makes no distinction between the weight you should give to either direct or circumstantial evidence. But the law requires that you, after weighing all the evidence—both direct and circumstantial—must be convinced of the City of Port Isabel's liability by a preponderance of the evidence.

### Credibility of Witnesses

An important aspect of evaluating whether the Plaintiffs have met their burden of proof is weighing the validity and character of each individual witness and testimony offered. An important part of your job will be making judgments about the testimony of the witnesses who testified. You should decide whether you believe all or any part of what each person had to say and decide the importance of that testimony. In making that decision, the Court suggests that you ask yourself a few questions: Did the person impress you as honest? Did the witness clearly see or hear any events about which he or she testified? Did the witness have the opportunity and ability to understand the questions and answer them directly? Did the witness's testimony differ from the testimony of the other witnesses? Has he or she made statements at other times and places contrary to those made here on the witness stand? These are just a

few examples of the considerations that will help you determine the accuracy of each witness.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence if you believe the testimony.

Your job is to think about the testimony of each witness you heard and decide how much you believe each witness. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than the other side. The testimony of a single witness can prove any fact even if a greater number of witnesses testified to the contrary if—after considering all the other evidence—you believe that witness.

## Expert Opinion Testimony

Along with the testimony of lay witnesses, you also heard the testimony of one expert. Note that just because the expert witness expressed an opinion does not mean that you must accept this opinion. You should judge that testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the expert witness's education and experiences, the soundness of the reasons given for the opinion, and all other evidence in the case.

## Bias—Municipality and Law Enforcement Involved

Do not let bias, prejudice, or sympathy play any part in your deliberations. A municipal government employee, law enforcement officers, and all other persons are equal before the law and must be treated as equals in a court of justice.

## Witness Not Called

A party may not complain that a witness was not called to testify when the witness was available and could have been called by either party.

# SPECIFIC INSTRUCTIONS

## Plaintiffs' Claims

Plaintiffs Rocio Gutierrez and Maria Carrillo bring this suit for wrongful death under 42 U.S.C. § 1983, alleging that Defendant violated Axel Gutierrez's due process rights under the Fourteenth Amendment. To find a municipality like the Defendant liable for such a constitutional violation, Plaintiffs must prove two separate things: first, that a constitutional violation occurred; and second, that Defendant can be held liable for this constitutional violation on account of a policy or custom of Defendant.

Plaintiffs allege two claims:

First, Plaintiffs claim that Officer Holland failed to treat Axel Gutierrez as presumptively suicidal, and that this occurred due to Defendant's failure to properly train its officers.

Second, Plaintiffs claim that Officer Villarreal was incapable of monitoring Axel Gutierrez because Defendant had a policy or custom of understaffing its jails.

For each claim, be sure to assess first whether there was a constitutional violation, and then whether Defendant, as a municipality, can be found liable for that violation.

**Constitutional Violation: Inadequate Medical Care/Episodic Acts—Pretrial Detainee**

Plaintiffs Rocio Gutierrez and Maria Carrillo claim that Defendant City of Port Isabel violated Axel Gutierrez's Fourteenth Amendment right to medical care while he was detained at Port Isabel Jail through the acts or omissions of municipal officials. Plaintiffs allege Defendant violated this right through two policies or customs: first, by failing to train Officer Holland to treat Axel as presumptively suicidal; and second, by failing to properly staff its jails.

A pretrial detainee who has not been convicted of a crime has a right under the Fourteenth Amendment to the United States Constitution to be protected from impermissible punishment like denials of, or delays in, providing certain medical care.

To recover damages for this alleged constitutional violation, Plaintiffs must prove by a preponderance of the evidence that:

1) Axel Gutierrez was exposed to a substantial risk of serious harm, and a municipal employee of the City of Port Isabel displayed

deliberate indifference to that risk; and

2) the deliberate indifference harmed Axel Gutierrez.

The first element asks whether a reasonable person would view Axel Gutierrez's illness or injury as sufficiently serious based on all the circumstances that existed. This inquiry asks what a reasonable person would conclude and does not consider a municipal employee's actual state of mind.

The second element—deliberate indifference— requires proof of egregious conduct. Plaintiffs must prove a municipal employee knew of and disregarded an excessive risk to Axel Gutierrez's health or safety. Plaintiffs must prove that the municipal employee: (1) was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed; and (2) actually drew that inference. An inmate's mere disagreement with the type, amount, or timing of medical treatment he receives is not enough to meet this test.

The municipal employee in question here depends on the claim made by Plaintiffs. For Plaintiffs to establish that Defendant is liable for

a failure to train its officers, they must prove that Officer Holland was deliberately indifferent to the risk to Axel Gutierrez's life. For Plaintiffs to establish Defendant is liable for acts or omissions by officers due to understaffing, they must show Dispatcher Villarreal was deliberately indifferent.

If Plaintiffs have proved each of these two elements listed above by a preponderance of the evidence, then Axel Gutierrez's constitutional rights under the Fourteenth Amendment were violated, and you must then consider whether Defendant is, as a municipality, able to be held liable (which I will discuss later). If Plaintiffs failed to make this showing, then your verdict must be for Defendant on this claim.

## Municipal Liability

The Defendant in this case is the City of Port Isabel. Because Defendant is a municipality, special rules apply before Defendant can be found liable for the constitutional violations alleged. A city is not liable for the actions of its employees unless the constitutional violation was caused by a city policy or custom. To find the Defendant liable,

Plaintiffs must not only establish that there was a constitutional violation

(as just discussed); Plaintiffs also must show Defendant was liable for

that violation because it had a policy or custom that caused it.

To prevail on their claims against Defendant, Plaintiffs must prove

by a preponderance of the evidence that:

1) an official policy or custom existed;

2) a policymaker for the city knew or should have known about the

policy or custom;

3) the policymaker was deliberately indifferent; and

4) the policy or custom was the moving force leading to the

constitutional violation.

A "policy" can be a policy statement, ordinance, regulation, or

decision officially adopted and promulgated by the Defendant's officers.

A "custom" is a persistent, widespread practice of city officials or

employees that, although not formally adopted, is so common and well-

settled that it fairly represents city policy. But to show a custom,

Plaintiffs must prove that either the city's governing body or some

official with policymaking authority knew or should have known about the custom.

The "policymaker" for the City of Port Isabel is its City Commission.

For the Port Isabel City Commission to act with deliberate indifference, it must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists or a violation of constitutional rights exists, and it must also draw the inference. Deliberate indifference requires a showing of more than negligence or even gross negligence. Usually, deliberate indifference means knowing about a pattern of similar violations. It is possible to show deliberate indifference based on a single incident, but it must have been apparent or obvious that a constitutional violation was the highly predictable consequence of the particular policy. Plaintiffs allege two policies here: a policy of failing to train its officers, and a policy of understaffing its jails.

"Moving force" means that the municipal action was taken with

the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

## Damages

If you find that Plaintiffs have proved at least one of their claims against Defendant by a preponderance of the evidence, you must determine the damages, if any, to which Plaintiffs are entitled. You should not interpret the fact that I am giving instructions about the Plaintiffs' damages as an indication that I believe they should, or should not, win this case. It is your task to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance.

## Compensatory Damages

If you find the City of Port Isabel liable to Plaintiffs, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiffs whole—that is, to compensate the Plaintiffs for the damages they suffered. Compensatory damages are not limited to expenses that Plaintiffs may have incurred because of their injuries. If Plaintiffs win, they are entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish they suffered because of the City's wrongful conduct.

You may award compensatory damages only for injuries that

Plaintiffs prove were proximately caused by the Defendant's allegedly wrongful conduct. The damages you award must be fair compensation for all of Plaintiffs' damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs have suffered or that Plaintiffs are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the number of their losses with mathematical precision, but only with as much accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You may award damages for any bodily injury that the decedent Axel Gutierrez sustained and any pain and suffering, disfigurement, mental anguish, and/or loss of capacity for enjoyment of life that he experienced because of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiffs for the damages they suffered. Any award

that you make must be fair considering the evidence.

You may consider awarding damages, if any, to the Plaintiffs for their past and future mental anguish and loss of love, society, guidance, and support that they incurred to the wrongful death of Axel Gutierrez.

## Closing Arguments

The Plaintiff will now make their closing argument, followed by the Defendants' closing argument. Since the Plaintiff carries the burden in this case, the Court will allow the Plaintiff to make additional closing arguments after the Defendants' closing argument. As a reminder, closing arguments are not evidence. After both parties have made their closing arguments, the Court will give you additional instructions on deliberations, selecting a foreperson, and submitting questions to the Court.

**[Parties give closing arguments]**

## INSTRUCTIONS REGARDING DELIBERATIONS

To reach a verdict, you must follow these instructions in answering the questions.

1. Do not let bias, prejudice, or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any legal questions or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence.

    The term "preponderance of the evidence" means the greater weight of the credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer,

then answer "no." A preponderance of the evidence is not measured by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount then figuring the average.

10.    Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11.    The answers to the questions must be based on a unanimous decision of all six jurors.

Your deliberations will be secret. It is your duty to consult with one another to deliberate to agree, if possible. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if sincerely convinced.

But do not give up your honest beliefs about the weight or effect of the evidence just because other jurors think differently or just to finish the case. Remember, your duty is to decide whether the Plaintiff proved the Defendants' liability by a preponderance of the evidence.

You are the judges of the facts. You are allowed to take notes during this trial. Any notes you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go to the jury room, you may take this charge, the exhibits I have admitted into evidence, and your notes. The first thing you should do is select one of your fellow jurors as your foreperson. The foreperson will help guide your deliberations and will speak for you here in the courtroom.

A verdict form was prepared for your convenience. The foreperson will write the unanimous answers of the jury in the spaces provided. At the end of your deliberations, the foreperson will sign and date the verdict.

If you need to communicate with the Court during your deliberations, the foreperson should write out the message and give it to

the Court Security Officer. The Court will either reply in writing or bring you back into the Court to answer your message.

Bear in mind that you are never to reveal to any person, not even the Court, how the jury stands—numerically or otherwise—until after you reach a unanimous verdict.

**Foreperson:**

1. The foreperson has these duties:

    a. read the complete charge aloud if it will be helpful to your deliberations;

    b. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

    c. give written instructions or comments to the bailiff who will give them to the judges;

    d. write down the answers you agree on;

    e. get the signatures for the verdict certificate; and

    f. notify the bailiff that you have reached the verdict

Bear in mind that you are never to reveal to any person, not even the Court, how the jury stands—numerically or otherwise—until after you reach a unanimous verdict.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You

may not use any electronic device or media to communicate with anyone any information about this case or to conduct any research about this case until I accept your verdict; examples include: cell phone, smartphone, iPhone, Blackberry, computer, the Internet, any Internet service, any text or instant message service, or any Internet chat room, blog or website, such as Facebook, LinkedIn, YouTube, or Twitter. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. You are instructed to inform me as soon as you learn about another juror's violation of these instructions.

You may not use electronic means to investigate or communicate about the case because you must decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You may only discuss the case with your fellow jurors during deliberations because they saw and heard the same evidence you did. In our judicial system, you must be not influenced by anything or anyone outside this courtroom. Otherwise, your decision may be based on information known only by you and not fellow jurors or the parties in the case. This would unfairly impact the judicial process.

As I have said before, if you do not follow these instructions, you

will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money. If a juror breaks any of these rules, tell that person to stop and report it immediately.

You may now proceed to the jury room to begin your deliberations.

# VERDICT FORM

## On each blank line, answer "Yes" or "No"

### QUESTION NO. 1—ACT OR OMISSION BY FAILURE TO TRAIN

1) Have Plaintiffs proved

   a)  Axel Gutierrez was exposed to a substantial risk of serious harm.

   _____NO_____

   b)  Officer Holland displayed deliberate indifference to that risk.

   _____NO_____

   c)  The deliberate indifference harmed Axel Gutierrez.

   _____NO_____

If you put "yes" for all of the above, there was a constitutional violation on this theory. Did you put "yes" for all of the above? _____NO_____ **(Answer to 1)**


2) Have Plaintiffs proved

   a.  There existed an official policy or custom of not providing training to Defendant's employees or not requiring its employees to receive training on a) how to assess the risks of suicide for jail detainees, and b) how to protect jail detainees from the risk of suicide.

   _____NO_____

   b.  The City Commission knew or should have known about this policy.

   _____NO_____

   c.  The City Commission was deliberately indifferent in maintaining this policy, which is to say a suicide like Gutierrez's was a "highly predictable consequence" of this failure to train.

   _____NO_____

   d.  This policy or custom was the moving force leading to the constitutional

23

violation.

_____ *NO* _____

If you put "yes" for all of the above, Defendant can be held liable for the underlying constitutional violation if one exists. Did you put "yes" for all of the above?

_____ *NO* _____ **(Answer to 2)**

If you put "yes" for both Answer 1 and Answer 2, answer "yes."

_____ *No* _____ **(Answer to Question No. 1)**.

Signed in Brownsville, Texas, this 4th day of June, 2025.

████████████████████

*Jury Foreperson*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

JUN 04 2025    4:26 p.m

NATHAN OCHSNER
CLERK OF COURT

## QUESTION NO. 2—ACT OR OMISSION BY UNDERSTAFFING

1) Have Plaintiffs proved

    a) Axel Gutierrez was exposed to a substantial risk of serious harm.

    _____ *No* _____

    b) Dispatcher Villarreal displayed deliberate indifference to that risk.

    _____ *NO* _____

    c) The deliberate indifference harmed Axel Gutierrez.

    _____ *NO* _____

If you put "yes" for all of the above, there was a constitutional violation on this theory. Did you put "yes" for all of the above? _____ *NO* _____ **(Answer to 1)**

2) Have Plaintiffs proved

    a. There existed an official policy or custom of chronically understaffing the jail.

    _____ *NO* _____

    b. The City Commission knew or should have known about this policy.

    _____ *NO* _____

    c. The City Commission was deliberately indifferent in maintaining this policy.

    _____ *NO* _____

    d. This policy or custom was the moving force leading to the constitutional violation.

    _____ *NO* _____

If you put "yes" for all of the above, Defendant can be held liable for the underlying constitutional violation if one exists. Did you put "yes" for all of the above?

_____ *NO* _____ **(Answer to 2)**

If you put "yes" for both Answer 1 and Answer 2, answer "yes."

_____ *NO* _____ **(Answer to Question No. 2).**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED

JUN 04 2025 4:26p.m

NATHAN OCHSNER
CLERK OF COURT

Signed in Brownsville, TX,
this 4th day of June, 2025

▮▮▮▮▮▮▮▮▮▮▮▮

Jury Foreperson

25

## QUESTION NO. 3—COMPENSATION

**Only answer this question if you answered "yes" to Question No. 1 and/or Question No. 2.**

If you have found in favor of Plaintiffs Estate of Axel Hiram Gutierrez and V.G., then you should award Plaintiffs such sum as you believe will fairly compensate them for any damages you believe they sustained as a direct result of the violation of Axel Gutierrez's constitutional right to not have his serious medical needs be met with deliberate indifference as mentioned in the evidence.

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs Estate of Axel Hiram Gutierrez and V.G. for the damages, if any, you have found were caused to Plaintiffs Estate of Axel Hiram Gutierrez and V.G.?

Axel Gutierrez

$\rule{2in}{0.4pt}$

Rocio Gutierrez

$\rule{2in}{0.4pt}$

Minor V.G.

$\rule{2in}{0.4pt}$